*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAMELA JOY LEE JOHNSON,

Plaintiff-Appellant,

v

EDGAR JOHNSON III,

Defendant-Appellee.

UNPUBLISHED
April 6, 2023

No. 361277
Clinton Circuit Court
LC No. 10-022282-DM

Before: GADOLA, P.J., and GARRETT and FEENEY, JJ.

FEENEY, J. *(concurring)*

I concur with the majority opinion but write separately to suggest that the trial court should take proactive steps while waiting to conduct the hearing on remand. For example, the trial court could order, pending the hearing, that plaintiff shall provide defendant and the trial court, within 7 days, the following information: her home address, the children's address, her phone numbers and email addresses, the children's phone numbers and email addresses, the children's school names and phone numbers as well as their doctors' and counselors' phone numbers, and addresses. Additionally, the trial court could order that defendant shall have parenting time via any means possible as often as possible pending the hearing on remand and shall have access to school, medical, and counseling records, and plaintiff shall ensure that defendant is listed as a parent contact with each school, doctor and counselor. Plaintiff's decision to move out of state and cut off the children's contact with defendant should not be tolerated or perpetuated. Noticeably absent from the lower court record are any motions by plaintiff to terminate or limit defendant's parenting time but through her inaction and geographic relocation, she has achieved that objective. If plaintiff refuses or fails to follow through with any orders that the trial court chooses to enter pending the hearing, the trial court will most likely reflect plaintiff's failures in its evaluation of the best interest factors, MCL 722.23.

/s/ Kathleen A. Feeney